United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY KEITH FEICK,

      Plaintiff,

v.

POSTMASTER GENERAL MARVIN T. RUNYON,

      Defendant.
_____/

No. C 94-2501 FMS

**ORDER**

    The court is in receipt of a letter from plaintiff Gregory Keith Feick, in which he appears to be requesting the court to set aside the judgment entered in the above-entitled action on April 8, 1996. On April 4, 1996, Judge Smith, to whom the case was then assigned (and who has since retired from the court), granted defendants' motion for summary judgment as to all claims with the exception of a single claim of wrongful termination in retaliation for EEO/EEOC activity. That claim was remanded to the Postal Service, and plaintiff was instructed to file a formal complaint with the Postal Service for administrative review.

    It is not entirely clear from plaintiff's letter whether he did in fact file the administrative claim as instructed. However, he does refer to the matter being "returned to the Agency," and appears to be asserting that he filed an appeal of the Postal Service decision and received an administrative hearing.

    The request is DENIED. First, plaintiff has provided no good cause for setting aside the judgment. See Fed. R. Civ. Proc. 60(b). Second, plaintiff did not bring the motion

"within a reasonable time." See Fed. R. Civ. P. 60(c).  Third, to the extent that plaintiff seeks to file a civil action on his complaint of unlawful termination in retaliation for EEO/EEOC activity, any such complaint would be time-barred.

Under 42 U.S.C. § 2000e-16, which applies to employment by the Federal Government, any civil action brought by an aggrieved employee must be filed "[w]ithin 90 days of receipt of notice of final decision taken by," inter alia, an executive agency or the United States Postal Service, "or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department," on a complaint of discrimination.

While plaintiff does not provide the dates of any appeal he may have filed, and does not state that he received a right-to-sue letter from either the Postal Service or the EEOC, the court assumes that given the passage of more than 13 years since the date of the order of remand, the time for filing a new civil action has long passed.

**IT IS SO ORDERED.**

Dated:  June 18, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge